IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK L. BROWN, JR., | ) | Case No. 1:23-cv-753 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES R KNEPP II |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| TIM MCCONAHAY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner Derrick L. Brown, Jr., an Ohio prisoner serving a 25-year aggregate prison sentence for improperly handling firearms in a motor vehicle, rape, felonious assault, aggravated burglary, kidnapping, aggravated robbery, and grand theft, now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Doc. 1.  Brown asserts three grounds for relief:

> **Ground One**: The trial court's imposition of separate sentences for various allied offenses of similar import constituted a Double Jeopardy violation.  *See* ECF Doc. 1 at 5-6.

> **Ground Two**: Appellate counsel provided ineffective assistance by failing to raise ineffective assistance of trial counsel as an assignment of error.  *See id.* at 7-8.

> **Ground Three**: Appellate counsel provided ineffective assistance by failing to raise as an error that Brown's conviction was unsupported by sufficient evidence. *See id.* at 8-9.

Respondent, Warden Misty Mackey,[1] filed a return of writ, arguing that Brown's: (i) Ground One claim was procedurally defaulted and/or meritless; and (ii) Ground Two and Ground Three claims were meritless.  ECF Doc. 9.  Brown filed a traverse.  ECF Doc. 11.

I recommend that Brown's Ground One claim be DISMISSED as procedurally defaulted or DENIED as meritless, his Ground Two claim be DENIED as meritless, and his Ground Three claim be DENIED as meritless.  I further recommend that Brown not be granted a certificate of appealability.

## I.    State Court History

### A.    Trial Court Proceedings

On August 21, 2018, a Cuyahoga County, Ohio grand jury issued an indictment in case no. CR-18-360666 that charged Brown with: (i) one count of improperly handling firearms in a motor vehicle in violation of Ohio Rev. Code § 2923.16(B) (Count 1A); (ii) one count of failure to comply in violation of Ohio Rev. Code § 2921.331(B) (Count 2A); and three counts of drug possession in violation of Ohio Rev. Code § 2925.11(A) (Counts 3A-5A).  ECF Doc. 9-1 at 5-7.

On February 12, 2019, a Cuyahoga County, Ohio grand jury issued an indictment in case no. 19-CR-636546 that charged Brown with: (i) two counts of rape in violation of Ohio Rev. Code § 2907.02(A)(2) (Counts 1B and 2B); (ii) two counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4) (Count 3B) and § 2905.01(A)(2) (Count 7B); (iii) one count of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(2) (Count 4B); (iv) one count of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A)(1) (Count 5B); (v) two counts of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) (Counts 6B and 8B);

---

[1] As the current, acting warden of the Lake Erie Correctional Institution, where Brown is confined, Misty Mackey is the proper respondent. *Rumsfeld v. Padilla,* 542 U.S. 426, 435-36 (2004) (providing that "the proper respondent [in a habeas action] is the warden of the facility where the [petitioner] is being held").

(vi) grand theft in violation of Ohio Rev. Code § 2913.02(A)(1) (Count 9B); and (vii) two counts

of theft in violation of Ohio Rev. Code § 2913.02(A)(4) (Counts 10B and 11B). *Id.* at 9-13. The

two rape counts (Counts 1B and 2B) and the first kidnapping count (Count 3B) included a

sexually violent predator specification under Ohio Rev. Code § 2941.148(A), and the first

kidnapping count (Count 3B) and the felonious assault count (Count 4B) included a sexual

motivation specification under Ohio Rev. Code § 2941.147(A). *Id.* at 9-11.

On March 8, 2019, a Cuyahoga County, Ohio grand jury issued an indictment in case no.

19-CR-637566 that charged Brown with: (i) one count of rape in violation of Ohio Rev. Code

§ 2907.02(A)(2), with a sexually violent predator specification under Ohio Rev. Code

§ 2941.148(A) (Count 1C); (ii) one count of felonious assault in violation of Ohio Rev. Code

§ 2903.11(A)(1), with a sexual motivation specification under Ohio Rev. Code § 2941.147(A)

(Count 2C); and (iii) one count of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4),

with a sexual motivation specification under Ohio Rev. Code § 2941.147(A) (Count 3C). *Id.* at

15-16.

On September 17, 2020, the court conducted a change of plea hearing on all three cases,

with the state presenting the terms of the plea offer: (i) Brown would plead guilty on ten of the

charges across the three indictments (Counts 1A, 1B, 2B, 4B, 5B, 7B, 8B, 9B, 1C, and 2C);

(ii) the state would move to dismiss Counts 3B, 6B, 10B, 11B, and 3C; (iii) the state would

delete all sexual violent predator specifications; and (iv) the parties would agree to recommend a

range of 25 to 35 years in prison. ECF Doc. 9-2 at 3-5. The defense then asked the court for

some additional days to discuss the offer before Brown would made a decision, but the state

indicated that the plea offer was only good for that day. *Id.* at 6-7. The defense requested a few

minutes to discuss the offer and the court granted a short recess. *Id.* at 6-7. After the recess,

Brown's counsel stated that he had discussed the matter with Brown, and that it was Brown's

intention to accept the plea deal. *Id.* at 7-8. The court then conducted a plea colloquy as follows:

> THE COURT: Mr. Brown, did you understand everything the prosecutor and your attorney have said over the course of these two hearings?
> THE DEFENDANT: Yes.
> THE COURT: How old are you?
> THE DEFENDANT: 26.
> THE COURT: Where were you born?
> THE DEFENDANT: Cleveland, Ohio.
> THE COURT: So you're a United States citizen?
> THE DEFENDANT: Yes.
> THE COURT: What's the highest level of education you completed?
> THE DEFENDANT: Graduated high school.
> THE COURT: Are you under the influence of alcohol, medication or drugs today?
> THE DEFENDANT: No.
> THE COURT: I'm going to explain your trial rights to you. I want you to stop me at any time if you don't understand. Okay?
> THE DEFENDANT: Excuse me.
> THE COURT: I said I'm going to explain your trial rights to you, I want you to stop me at any time if you don't understand, okay?
> THE DEFENDANT: Yes, sir.
> THE COURT: You have an absolute right to go to trial. At trial you have the right to confront the witnesses against you through your counsel. If you can't afford an attorney, one will be appointed at no cost to you. Do you understand that?
> THE DEFENDANT: Yes.
> THE COURT: The burden of proof at trial is on the State alone. At trial the State must prove beyond a reasonable doubt each and every element of the charge by proof beyond a reasonable doubt unanimous to a jury of twelve or a judge if you waived a jury. You would have no burden of proof. Do you understand that?
> THE DEFENDANT: No.
> THE COURT: Well, the burden of proof at trial is on the State alone. The State has to prove their case against you, do you understand that?
> THE DEFENDANT: Yes.
> THE COURT: At trial the State must prove beyond a reasonable doubt their case and each and every element of every charge by proof beyond a reasonable doubt unanimous to a jury of twelve or to a judge if you waived a jury. Do you understand that?
> THE DEFENDANT: Yes.
> THE COURT: You would have no burden of proof, meaning you don't have to prove anything at trial, do you understand that?
> THE DEFENDANT: Yes.
> THE COURT: All right. At trial, you could present a defense, call witnesses, compel their appearance at trial by subpoena, testify yourself and tell your own side

4

of the story, or you could choose not to testify and the prosecutor could not
comment upon that fact in violation of your Fifth Amendment right.  Do you
understand that?
THE DEFENDANT: Yes.
THE COURT: Has anyone threatened or coerced you into making this plea today?
THE DEFENDANT: No.
THE COURT: Do you understand if you plead guilty you are waiving your trial
rights, obviously you are admitting the truth of the charges to which you are
pleading?
THE DEFENDANT: Huh?
THE COURT: Do you understand if you plead guilty, you're waiving your trial
rights and obviously you are admitting the truth of the charges to which you are
pleading?
THE DEFENDANT: Yes.

*Id.* at 8-11.

For each of Counts 1A, 1B, 2B, 4B, 5B, 7B, 8B, 9B, 1C, and 2C, the court asked Brown

whether he wished to plead guilty or not guilty and Brown answered guilty for each count.  *Id.* at

12-15.  The court accepted Brown's guilty plea after finding that the plea was knowing and

voluntary.  *Id.* at 15; ECF Doc. 9-1 at 36-38.  In summary, Brown entered a guilty plea on the

following counts in the three cases: (i) Count 1A (improperly handling firearms in a motor

vehicle), (ii) Counts 1B, 2B, and 1C (rape); (iii) Counts 4B and 2C (felonious assault with sexual

motivation specification); (iv) Count 5B (aggravated burglary); (v) Count 7B (kidnapping);

(vi) Count 8B (aggravated robbery); and (vii) Count 9B (grant theft).  ECF Doc. 9-1 at 36-38;

ECF Doc. 9-2 at 11-15.

On September 21, 2020, Brown, through counsel, filed a motion to withdraw his guilty

pleas in the three cases.  ECF Doc. 9-1 at 39-41.  The state filed an opposition to the motion to

withdraw the guilty plea.  *Id.* at 42-49.  On September 28, 2020, Brown filed a *pro se* motion to

withdraw his guilty plea in case nos. CR-19-636546 and CR-19-637566, arguing that he entered

a guilty plea due to coercion/duress and claiming ineffective assistance of counsel.  *Id.* at 50-52.

On October 6, 2020, Brown, through counsel, filed a supplemental motion to withdraw the guilty

plea, arguing that the court never notified Brown during the plea colloquy that he would be subject to certain registration requirements (in-person registration every 90 days) and specific restrictions as a Tier II sex offender. *Id.* at 61-64. On December 7, 2020, Brown, through new counsel, filed another motion to withdraw his guilty plea. *Id.* at 75-78. The state filed a brief in opposition to Brown's second motion to vacate the guilty plea. *Id.* at 65-74. The state argued that Brown was attempting to withdraw his plea on the invalid grounds of having a change of heart and wanting to renegotiate the plea deal. *Id.* at 72. The state provided evidence of phone calls made by Brown shortly after he had entered a guilty plea, stating:

> In these calls, Defendant his speaking to a female, who is believed to be his mother. Defendant states that if he loses at trial, he's going to be spending the rest of his life in prison. In these conversations the female tells Defendant that if he wants to withdraw his plea to claim he entered the plea under duress and explains to him what duress is. The duress claimed is that if Defendant did not plea he would likely serve a life sentence, which was a good possibility in this case. She also tells him to fire his attorneys and claim ineffective assistance. They then discuss how he should have his attorneys renegotiate for a better deal.

*Id.* at 72.

On December 10, 2020, the court heard arguments on Brown's motions to withdraw his guilty plea. ECF Doc. 9-2 at 17-23. The state again argued that there was no valid reason to withdraw the guilty plea and presented the phone calls as evidence of Brown's true intention to renegotiate his plea deal. *Id.* at 21-23. The court ultimately denied the request to withdraw his guilty plea. *Id.* at 23; ECF Doc. 9-1 at 79.

The same day, the trial court proceeded with the sentencing hearing, with the state setting forth the facts of the rape incidents in case nos. CR-19-636546 and CR-19-637566. ECF Doc. 9-2 at 29-34. The Ohio Court of Appeals described the circumstances surrounding the crimes of conviction as follows:

> One of the victims was elderly, the other was developmentally delayed, and both were strangers to [Brown]. The acts committed by [Brown] were heinous.  As summarized by the trial court, "the defendant committed the offenses resulting in raping two victims in two cases including a disabled 76-year-old victim, beating both victims, and forcing the elderly victim to draw money from her ATM after he kidnapped her ***."

ECF Doc. 9-1 at 147-48.

The court sentenced Brown to an aggregate sentence of 25 years imprisonment.  ECF Doc. 9-2 at 35.  The court imposed the following terms of imprisonment that were to be served consecutive to each other: (i) a 10-year term on Count 1C (rape) in case no. CR-19-637566; (ii) a 10-year term on Count 1B (rape) in case no. CR-19-636546; and (iii) a 5-year term on Count 4B (felonious assault) in case no. CR-19-636546.  *Id.*; ECF Doc. 9-1 at 82, 84.  The court imposed the following terms of imprisonment that were to be served concurrently with all other sentences: (i) a 12-month term on Count 1A (improperly handling firearms in a motor vehicle) in case no. CR-18-630666, ECF Doc. 9-1 at 80; ECF Doc. 9-2 at 35; and (ii) 5-year terms on each of the remaining counts of conviction in case nos. CR-19-636546 (Counts 2B, 5B, 7B, 8B, and 9B) and case no. CR-19-637566 (Count 2C).  ECF Doc. 9-2 at 35; ECF Doc. 9-1 at 82, 84.

**B.**      **Direct Appeal**

On March 9, 2021, Brown filed a motion to file a delayed notice of appeal in case no. CR-19-637566, with an accompanying notice of appeal, to the Ohio Court of Appeals.  ECF Doc. 9-1 at 86-87.  On March 25, 2021, the Ohio Court of Appeals granted Brown's motion for a delayed appeal.  *Id.* at 92.

On May 13, 2021, Brown filed additional motions to file delayed notices of appeal in case nos. CR-19-636546 and CR-18-630666.  *Id.* at 93, 95.  On May 26, 2021, the Ohio Court of Appeals granted Brown's additional motions for delayed appeals and *sua sponte* consolidated all three appeals for briefing, hearing, and disposition.  *Id.* at 97-98.

In a consolidated appellate brief, Brown asserted a single assignment of error: "the court erred in its separate sentencing of some counts which actually were allied offenses of similar import."  *Id.* at 103.  In support of his single assignment of error, Brown argued that the failure to merge his convictions for the purposes of sentencing violated his constitutional rights because his various counts of convictions were allied offenses of similar import.  *Id.* at 106-17.  Specifically, he argued that the following counts of conviction should be merged for purposes of sentencing: (i) aggravated burglary, kidnapping, felonious assault, and rape; (ii) aggravated robbery and felonious assault; and (iii) grand theft and aggravated robbery.  *Id.* at 108-16.  The state filed an appellate brief.  *Id.* at 121-43.

On December 9, 2021, the Ohio Court of Appeals overruled Brown's single assignment of error and affirmed the trial court's judgments.  *Id.* at 145-55; *State v. Brown*, 2021-Ohio-4311 (Ohio Ct. App 2021).  The Ohio Court of Appeals reviewed the assignment of error under the plain error standard because Brown did not seek the merger of his convictions as allied offenses of similar import in the trial court.  *Id.* at 151.  In overruling the assignment of error, the court: (i) analyzed Brown's contentions that his convictions were allied offenses that should have merged for sentencing purposes; (ii) compared the offenses of conviction to each other; and (iii) determined that all the offenses were not subject to merger under Ohio law because they were committed separately or involved separate, identifiable harms.  *Id.* at 152-54.  The court concluded by stating:

> {¶19} We are not persuaded by any other argument presented.  Upon our review, we find [Brown] failed to demonstrate any reasonable probability that his convictions are allied offenses of similar import.  Because plain error has not been shown, [Brown's] assignment of error is overruled.  Any other challenges to the sentences imposed within the agreed sentencing range are not properly before us.  *See* R.C. 2953.08(D)(1).

*Id.* at 154.

On April 28, 2022, Brown, proceeding *pro se*, filed a notice of appeal to the Ohio Supreme Court, accompanied with a motion for a delayed appeal. *Id.* at 157-65. On May 11, 2022, the Ohio Supreme Court granted Brown's motion for a delayed appeal. *Id.* at 181. Brown's memorandum in support of jurisdiction asserted one proposition of law: "the trial court erred in its separate sentencing of some counts which actually were allied offenses of similar import." *Id.* at 182-98. The state waived a response. *Id.* at 213. On July 5, 2022, the Ohio Supreme Court declined to accept jurisdiction of Brown's appeal. *Id.* at 214.

C.      **Ohio App. R. 26 Application**

In the Ohio Court of Appeals, Brown filed a *pro se* delayed application to reopen his direct appeal pursuant to Ohio App. R. 26(B) on March 4, 2022. *Id.* at 216-23. Brown asserted two assignments of error based on ineffective assistance of appellate counsel, stating that he received ineffective assistance when his appellate counsel failed to assert: (i) a claim for ineffective assistance of trial counsel based on trial counsel's failure to fully investigate the case, interview potential witnesses, and prepare for trial; and (ii) a claim that the state provided insufficient evidence to support the convictions. *Id.* at 218-23. The state filed a brief in opposition. *Id.* at 229-36.

On August 30, 2022, the Ohio Court of Appeals denied Brown's Rule 26(B) application to reopen. *Id.* at 229-43. The court provided the factual and procedural background of this action, with the court identifying the evidence against Brown (matching DNA samples and a line-up identification by a victim), listing the 19 charges that Brown faced across the three cases, and stating:

> **{¶6}** Brown's attorneys were able to arrange a plea bargain under which in the rape of the nurse case Brown pleaded guilty to the two rape charges with the sexually violent predator specifications deleted; this amendment would keep Brown from facing a life sentence. He also pleaded guilty to one count each of

9

felonious assault, aggravated burglary, aggravated robbery, kidnapping, and grand theft. The other four counts were nolled. In the other rape case, he pleaded guilty to rape with the sexually violent predator specification deleted and to felonious assault; the kidnapping charge was nolled. He also pleaded guilty to the weapons charge. The state and the defense proposed a recommended sentence of 25 to 35 years, and the trial court imposed a 25-year sentence for all of the offenses.

{¶7} Brown filed a pro se motion to withdraw the guilty plea. At the subsequent hearing, the state presented a recording of Brown talking with a woman, probably his mother, who suggested that he should file the motion to withdraw the plea for the reasons of duress and ineffective assistance of counsel. The trial judge denied the motion.

{¶8} His appellate counsel argued that the judge should have merged some of the offenses as allied offenses. Brown now argues that his appellate counsel was ineffective. He argues she should have raised that his trial counsel was ineffective and that there was insufficient evidence to convict him. Specifically, he claims that he told his trial counsel about alibi witnesses that would prove his innocence, but counsel never interviewed those witnesses and did not prepare for trial; rather counsel coerced him into taking the plea.

*Id.* at 240-41.

In denying the application and the claims for ineffective assistance of counsel, the court first cited the standard of review under *Strickland*[2] and stated that the court was limited to the record before it. *Id.* at 241-42. The court then analyzed the two ineffective assistance claims and found them to be meritless because Brown had entered a knowing and voluntary guilty plea and therefore waived his claims for ineffective assistance of trial counsel and sufficiency of the evidence. *Id.* at 242-43. As part of its analysis, the court noted that: (i) the record was generally silent as to the trial preparation by Brown's trial counsel; (ii) the court could not infer a failure to investigate or to prepare from a silent record; and (iii) there was incriminating evidence against Brown and the plea negotiation was successful in eliminating a life sentence, nolling multiple counts, and obtaining a minimum agreed sentence. *Id.* at 243.

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

10

On October 5, 2022, Brown appealed the denial of his application to the Ohio Supreme Court, asserting his two claims for ineffective assistance of appellate counsel. *Id.* at 224-46. On December 27, 2022, the Ohio Supreme Court declined to accept jurisdiction of Brown's appeal. *Id.* at 271.

## II.     Federal Habeas Petition

On April 14, 2023, Brown, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this court. ECF Doc. 1. Brown alleged the following three claims:

> **GROUND ONE:** The trial court erred in its separate sentencing of some counts which actually were allied offenses of similar import.

> **GROUND TWO:** Appellate counsel was ineffective for failing to assign as error trial counsel's ineffective for his failure to fulfill his adversarial role to the state's case with the failure to fully investigate appellant's case prior to trial, failure to interview potential witnesses, prepare for trial and obtain evidence of appellant to present at trial.

> **GROUND THREE:** Appellate counsel was ineffective for failing to assign as error that appellant's convictions were not supported by sufficient evidence.

ECF Doc. 1 at 5-9; ECF Doc. 1-2 at 7-30.

## III.     Ground One – Double Jeopardy/Merger of Allied Offenses

In his Ground One claim, Brown contends that the trial court sentenced him in violation of the Double Jeopardy Clause and Ohio state law because his various convictions for felonious assault, aggravated burglary, aggravated robbery, grand theft, and kidnapping were allied offences that should have been merged with his rape convictions for the purposes of sentencing. ECF Doc. 1-2 at 7-20. Brown also argues that any alleged procedural default should be excused because doing so would avoid manifest injustice. *Id.* at 5-6.

Warden Mackey first responds that Brown's Ground One claim is procedurally defaulted because Brown failed to raise the issue before the trial court, violating the contemporaneous

objection rule, a valid state procedural bar under *Maupin v. Smith*.[3]  ECF Doc. 9 at 12-15.  She

further argues that Brown cannot demonstrate cause, prejudice, or manifest injustice to excuse

this default.  *Id.* at 15-18.  Second, Warden Mackey argues that Brown's Ground One claim fails

on the merits because the appellate court determined that the convictions were not subject to

merger and Brown has not demonstrated that this decision was contrary to United States

Supreme Court precedent or an unreasonable determination of the facts in light of the record

before the court.  *Id.* at 20-25.

### A.    Procedural Default

#### 1.    Establishing Default

"Before [a federal court may] reach the merits of a habeas petition, . . . [it must] review

whether the petitioner has satisfied the [two] procedural requirements for litigating his federal

claim in state court."  *Gerth v. Warden, Allen Oakwood Corr. Inst.*, 938 F.3d 821, 826 (6th Cir.

2019) (citing *Bickham v. Winn*, 888 F.3d 248, 250-51 (6th Cir. 2018), and *Seymour v. Walker*,

224 F.3d 542, 550 (6th Cir. 2000)).  First, a state habeas petitioner must give the state courts a

"*fair*" opportunity to act on his claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)

(emphasis in original).  If the petitioner hasn't done so and has no legal mechanism by which to

do so now, the claim he failed to present is procedurally defaulted, which means this court

cannot act on the claim either.  *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Williams v.

Anderson*, 460 F.3d 789, 809 (6th Cir. 2006).  For a claim to have been fairly presented, the

factual and legal basis of the claim asserted by the petitioner must have raised at each and every

stage of state review.  *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); *McMeans v. Brigano*,

228 F.3d 674, 681 (6th Cir. 2000); *see also Williams*, 460 F.3d at 806.

---

[3]  785 F.2d 135 (6th Cir. 1986).

"Second, and relatedly, the procedural default doctrine bars [federal habeas] review if the petitioner has not followed the state's procedural requirements for presenting his claim in state court." *Gerth*, 938 F.3d at 827. Thus, a federal court will not review a state prisoner's habeas claim if: (i) the petitioner has failed to comply with a state procedural rule; (ii) the state courts enforced the rule; (iii) the state procedural rule is an adequate and independent state law ground for denying review of a federal constitutional claim; and (iv) the petitioner cannot show cause and prejudice to excuse the default. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Brown's Ground One claim that he was improperly sentenced on allied offenses of similar import in violation of the Double Jeopardy Clause is procedurally defaulted because he failed in the trial court to either make a contemporaneous objection to the lack of merger or to request merger at sentencing. Ohio law requires a contemporaneous objection to an alleged trial court error to preserve the issue for direct appeal. *State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d 379, 382 (Ohio 1960); *see Hyams v. Cleveland Clinic Found.*, 2012-Ohio-3945, 976 N.E. 2d 297, 304 (Ohio Ct. App. 2012). The Ohio Court of Appeals enforced the contemporaneous objection rule against Brown by solely reviewing his merger claim for plain error on direct appeal. ECF Doc. 9-1 at 150-54; *see Fleming v. Metrish*, 556 F.3d 520, 539 (6th Cir. 2009) ("In the habeas context, this Court does not construe a state court's plain-error review as negating the determination that a claim has been procedurally defaulted."); *see also Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006) (providing that the state court's plain error analysis is "viewed as a court's right to overlook procedural defects to prevent manifest injustice, but is not equivalent to a review of the merits"); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001) ("Moreover, we view a state appellate court's review for plain error as the enforcement of a procedural default."). The Sixth Circuit has held that Ohio's contemporaneous objection rule is an adequate and

13

independent ground for denying review of a federal constitutional claim. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011) ("Ohio's contemporaneous objection rule is a firmly established procedural rule that is an adequate and independent state ground to foreclose federal relief."); *Hinkle*, 271 F.3d at 244. Thus, Brown's Ground One claim is procedurally defaulted. *See Lovins*, 712 F.3d at 295.

### 2. Overcoming Default

Because the procedural-default bar to federal habeas review is harsh, courts have created safety-valves. A petitioner can obtain review of procedurally defaulted claims if he shows: (1) "cause," *i.e.,* that some external factor kept him from complying with the state rule or fairly presenting his claim; and (2) "prejudice," *i.e.,* that, assuming the petitioner's constitutional claim has merit, there is a reasonable probability that a different verdict would have resulted if the alleged constitutional violation hadn't occurred. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wogenstahl*, 668 F.3d at 337. A petitioner can also obtain review of a procedurally defaulted claim to prevent a fundamental miscarriage of justice, when he presents new evidence that he was factually innocent of the crime of conviction. *See Coleman*, 501 U.S. at 750 ("fundamental miscarriage of justice" exception to procedural default); *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual[] innocen[ce]" means "factual innocence, not mere legal insufficiency."); *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (An actual innocence claim must be supported by "new reliable evidence . . . that was not presented at trial.").

Thus, Brown must show cause and prejudice for the default of his claim or provide new evidence of his actual innocence to overcome this procedural default. But Brown has not argued or otherwise demonstrated cause to excuse the procedural default of his claim, nor has he argued or demonstrated through newly discovered evidence that he is actually innocent. Instead, Brown

merely contends that he should be granted relief because a failure to do so would result in manifest injustice in light of the alleged Constitutional violations.  *See generally* ECF Doc. 1-2.

Brown might have contended he had cause to excuse his procedural default in that he received ineffective assistance of trial counsel when his trial attorney failed to address the alleged lack of merger.  But that claim too was procedurally defaulted; Brown did not raise an ineffective assistance claim on direct appeal.  And any claim that his appellate counsel was ineffective for not raising the trial attorney's ineffectiveness was also procedurally defaulted, because Brown's *pro se* motion to reopen his direct appeal to assert an ineffective assistance of appellate counsel claim did not cite the failure to address the merger claim in Brown's direct appeal.  Thus, Brown cannot show cause to excuse his procedural default of the Ground One claim arising from any ineffective assistance of counsel claim.

Because Brown's Ground One claim is procedurally defaulted and he has not established an exception to overcome this default, I recommend that Brown's Ground One claim be DISMISSED as procedurally defaulted.

### B.    Merits

Even if not procedurally defaulted, Brown's Ground One claim would fail for lack of merit.  Because the state court adjudicated Brown's Double Jeopardy claim on the merits, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") permits a federal court to grant relief only if that decision: (i) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (ii) was based on an unreasonable determination of the facts in light of the record before the state court.  28 U.S.C. § 2254(d).  "Unreasonable" doesn't simply mean that the state court got it wrong.  *Chinn v. Warden, Chillicothe Corr. Inst.*, 24 F.4th 1096, 1101 (6th Cir. 2022).  Only if no "fairminded

15

jurist" could agree with the state court may we grant relief.  *Harrington v. Richter*, 562 U.S. 86, 102 (2011).  The petitioner must show that the state court's "decision was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.* at 103.

The Double Jeopardy Clause of the Fifth Amendment protects against (among other things) the imposition of multiple punishments for the same offense.  *Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013) (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)); *see also Ohio v. Johnson*, 467 U.S. 493, 498 (1984).  This prohibition against multiple punishments protects only against the imposition of sentences that are greater than the state legislature intended.  *See Volpe*, 708 F.3d at 696 (citing *Albernaz v. United States*, 450 U.S. 333, 334 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)); *see also White v. Howes*, 586 F.3d 1025, 1035 (6th Cir. 2009).  Thus, if the state legislature intended to impose multiple punishments for the same offense, no Fifth Amendment violation occurs.  *Hunter*, 459 U.S. at 366.  "When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *White*, 586 F.3d at 1031 (quoting *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989)).  Thus, when assessing intent for purposes of double jeopardy analysis, federal courts are bound by a state court's determination that a legislature intended multiple punishments for a single criminal incident. *Lash v. Sheldon*, No. 1:19 CV 1616, 2020 U.S. Dist. LEXIS 217302, at *41 (N.D. Ohio Oct. 20, 2020) (citing *Volpe*, 708 F.3d at 696-97); *see also White*, 586 F.3d at 1031.

In Ohio, courts apply Ohio Rev. Code § 2941.25 (Ohio's allied offense statute) to determine whether the Ohio legislature intended "cumulative punishments" for certain, multiple offenses. *Volpe*, 708 F.3d at 697.  The statute provides:

(A) Where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

Ohio Rev. Code § 2941.25.

The Ohio Supreme Court has interpreted Ohio Rev. Code § 2941.25 and held that "a defendant charged with multiple offenses may be convicted of all the offenses if *any* one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus."  *State v. Ruff*, 2015-Ohio-995, 143 Ohio St. 3d 114, 34 N.E.3d 892, 896 (Ohio 2015) (emphasis added).  In *Ruff*, the Ohio Supreme Court held that two or more offenses are of dissimilar import when they involve separate victims or inflict separate harms. *Id.* at 898.

First, to the extent that Brown argues that the trial court violated Ohio Rev. Code § 2941.25, or any other Ohio statute, when it sentenced him, such a claim is not cognizable because "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," not issues of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  Second, Brown's federal constitutional claim fails on the merits.  In Brown's direct appeal, the Ohio Court of Appeals applied the rule in *Ruff* – which interpreted Ohio Rev. Code § 2941.25 – and determined that none of Brown's convictions for rape, kidnapping, felonious assault, aggravated burglary, aggravated robbery, and grand theft were allied offenses of similar import under § 2941.25,

because each of these various offenses involved a separate act or a separate, identifiable harm. ECF Doc. 9-1 at 152-54.  Accordingly, the Ohio Court of Appeals determined that the trial court did not err by failing to merge the offenses for sentencing because none of the offenses were subject to merger under Ohio Rev. Code § 2941.25.  *See id.*  The Ohio Supreme Court did not disturb that determination.  ECF Doc. 9-1 at 214.  We are bound by the state appellate court's interpretation of state law and its determination that Brown's offenses were not subject to merger.  *Volpe*, 708 F.3d at 697; *Banner*, 886 F.2d at 780; *Lash*, 2020 U.S. Dist. LEXIS 217302, at *43.  Moreover, habeas relief is not available for any error the state court may have committed in applying § 2941.25 to Brown's case.  *Jackson v. Smith*, 745 F.3d 206, 214-15 (6th Cir. 2014) ("With the focus correctly on what the Ohio Court of Appeals actually did in this matter—it discerned the Ohio legislature's intent by applying Ohio's allied offenses statute—there can be no doubt that its decision falls outside § 2254(d)(1)'s narrow exceptions to the bar on federal habeas relief, thus rendering Jackson ineligible for relief.").

Thus, we are limited to determining whether the Ohio Court of Appeals' merger decision was based upon an unreasonable determination of the facts in light of the record before it.  28 U.S.C. § 2254(d)(2).  For purposes of merger, Ohio courts consider "the entire record, including arguments and information presented at the sentencing hearing."  *State v. Washington*, 999 N.E.2d 661, 669 (Ohio 2013).  The Ohio Court of Appeals determined that the offenses were committed separate from each other or involved separate harms, stating:

{¶14} First, [Brown] claims his convictions for rape and kidnapping in CR-19-636546-A involve allied offenses of similar import.  However, the kidnapping charge under Count 3 that was related to the rape offenses was nolled.  Pursuant to the plea agreement, [Brown] pled guilty to the kidnapping charge under Count 7, which related to forcing the victim to go to the ATM to withdraw money after the rape occurred.  The record reflects the kidnapping was not incidental to the acts of rape and the conduct shows the offenses were committed separately and with a separate animus.

18

{¶15} Next, [Brown] claims his convictions for rape and felonious assault in CR-19-636546-A involve allied offenses of similar import.  [Brown] was convicted of two separate rape counts, one involving fellatio and the other anal rape.  To facilitate the acts of rape, [Brown] repeatedly punched the victim in the face and chest and held a knife to her, which resulted in a cut to her arm.  Because the felonious assault involved separate and identifiable harm from the harm that was involved in the commission of the rape, it was an offense of dissimilar import and was not subject to merger.  *See State v. Asadi-Ousley,* 2017-Ohio-7252, 102 N.E.3d 52, ¶ 44 (8th Dist.).  As argued by the Supreme Court of Ohio, "a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense."  *Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 26.

{¶16} [Brown] also argues his convictions for aggravated burglary, aggravated robbery, and grand theft in CR-19-636546-A involve allied offenses of similar import.  [Brown] fails to account for the separate conduct underlying the charges against him.  As argued by the state, the aggravated burglary charged in Count 5 dealt with entering the victim's home to commit a crime, while the aggravated robbery charged in Count 8 related to robbing the victim at the ATM.  The charge of grand theft in Count 9 related to the victim's motor vehicle.  The record reflects these offenses were of dissimilar import.

{¶17} [Brown] continues to argue that various combinations of the offenses of which he was convicted in CR-19-636546-A constitute allied offenses of similar import.  The record does not support his arguments.  The rape offenses involved separate and identifiable harm from the aggravated burglary, which involved the theft of money from the victim in the home.  Likewise, the felonious assault, which involved causing physical harm to the victim by means of a deadly weapon, had separate and identifiable harm from the aggravated burglary.  The aggravated robbery involved the theft of money from the victim at the ATM while the grand theft involved the theft of the victim's motor vehicle.  Although [Brown] also argues that the state represented that it was not possible to identify the person taking the money from the ATM, [Brown's] guilty plea waived his right to require the state to prove guilt beyond a reasonable doubt.  The transcript reflects [Brown] was advised of this at the time he entered his plea.

{¶18} Finally, [Brown] argues his rape and felonious assault convictions in CR-19-637566-A involve allied offenses of similar import.  This rape case involved a separate victim from the other rape case. In this case, [Brown] repeatedly punched the victim, causing her to have a broken nose and two black eyes, until she complied and performed fellatio.  Although the felonious assault may have been committed to facilitate the rape, the offenses involved separate conduct and separate and identifiable harm.  Therefore, the offenses were not subject to merger.  *See State v. Stevens,* 11th Dist. Portage No. 2020-P-0043, 2021-Ohio-2643, ¶ 160-161; *State v.*

19

*Smith,* 1st Dist. Hamilton No. C-190235, 2020-Ohio-3516, ¶ 9-10; *Asadi-Ousley,* 2017-Ohio-7252, 102 N.E.3d 52, at ¶ 44.

{¶19} We are not persuaded by any other argument presented.  Upon our review, we find [Brown] failed to demonstrate any reasonable probability that his convictions are allied offenses of similar import.  Because plain error has not been shown, [Brown's] assignment of error is overruled.  Any other challenges to the sentences imposed within the agreed sentencing range are not properly before us. *See* R.C. 2953.08(D)(1).

*Id.* at 152-54.

Given the facts of this case, it was not unreasonable for the state court to conclude that each offense not only involved a discrete set of conduct but also inflicted a distinct harm upon Brown's victims.  As a result, it was not unreasonable for the state court to ultimately determine that Brown's offenses of conviction were of dissimilar import and should not be merged.  *See Ruff*, 34 N.E.3d at 896, 898.  Thus, the state court's decision did not involve an unreasonable determination of the facts presented.  *See* 28 U.S.C. § 2254(d)(2).  Under the circumstances, AEDPA requires us to accept the findings of the Ohio courts.

Based on the above, even if Brown's Ground One claim were not procedurally defaulted, we would be bound to deny it for lack of merit.

## IV.    Ground Two – Ineffective Assistance of Appellate Counsel (Failure to Raise Ineffective Assistance of Trial Counsel)

Brown contends that his appellate counsel provided ineffective assistance of counsel by failing to a raise an ineffective assistance of trial counsel claim on direct appeal.  ECF Doc. 1-2 at 20-25.  Brown alleges that he received ineffective assistance of trial counsel because his trial counsel did not fully prepare the case and provided poor performance during plea negotiations – with counsel failing to: (i) object to the state altering the original plea agreement; and (ii) interview two potential witnesses that would be favorable to the defense.  *Id.* at 23-24.

Warden Mackey responds that Brown's Ground Two claim is meritless because: (i) appellate counsel is not required to raise unmeritorious/futile issues on appeal; and (ii) Brown's claim that he received ineffective assistant of trial counsel was futile, given that he waived such a claim when voluntarily and knowingly entered a guilty plea.  ECF Doc. 9 at 27-32.  Addressing Brown's contention that he was coerced into entering a guilty plea, Warden Mackey argues that: (i) there is little on the record to substantiate this claim; and (ii) the record, including the transcript from Brown's plea colloquy, reflects that he knowingly and voluntarily entered a guilty plea.  *Id.* at 30-32.  In his traverse, Brown reiterates his previous arguments that he received ineffective assistance of trial counsel during the trial preparation and plea-bargaining stages and that his appellate counsel was obligated to raise this claim on appeal.  ECF Doc. 11 at 8-12.

Ineffective assistance of counsel claims are tough to win.  They are governed by *Strickland v. Washington*, under which the petitioner must show that: (i) trial counsel behaved unreasonably; *and* (ii) that unreasonable performance prejudiced the defense. 466 U.S. 668, 687 (1984).  To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for his counsel's unreasonable failure to raise this issue on appeal, he would have prevailed." *Id.* (internal quotation marks omitted).  Because both *Strickland* prongs must be satisfied for a petitioner to succeed on an ineffective assistance of counsel claim, if a petitioner fails to satisfy one prong, the other need not be considered. *Strickland*, 466 U.S. at 697. Moreover, if the claim was properly presented and decided on the merits in a state court, the petitioner must also show that the state court's resolution of those issues was unreasonable. *Harrington*, 562 U.S. at 88; *see also Taylor v. Patel*, No. 20-1381, 2021 U.S. App. LEXIS

24142, at *12 (6th Cir. Aug. 11, 2021) (noting that the combination of both AEDPA and *Strickland* results in a "doubly" deferential standard).

To show that his appellate counsel performed deficiently, a petitioner "'must demonstrate that his appellate counsel made an objectively unreasonable decision by choosing to raise other issues instead of [the challenged issue].'" *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013) (quoting *Webb v. Mitchell*, 586 F.3d 383, 399 (6th Cir. 2009)). To act as counsel guaranteed by the Sixth Amendment, appellate counsel need only exercise reasonable professional judgment, and is not obligated to raise every "colorable" claim on appeal. *Jones*, 463 U.S. at 754. Moreover, appellate counsel is not ineffective for failing to raise a claim if the underlying claim lacks merit. *Moore*, 708 F.3d at 776 (citing *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008)); *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010); *see also Smith v. Murray*, 477 U.S. 527, 536 (1986) (indicating that the task of winnowing out less persuasive arguments on appeal is the hallmark of an effective appellate advocate).

Brown's Ground Two claim that he received ineffective assistance of appellate counsel because his appellate counsel failed to raise a claim of ineffective assistance of trial counsel is without merit. As explained below, this claim lacks merit because the underlying ineffective assistance of trial counsel claim was meritless, given that: (i) Brown entered a guilty plea; (ii) the guilty plea waived all pre-plea claims for ineffective assistance of counsel; and (iii) Brown provided only conclusory claims of coercion, with the record demonstrating that his guilty plea was voluntary and knowing.

The Supreme Court has held that a guilty plea represents a break in the chain of events that preceded it in the criminal trial process. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, after a defendant has voluntarily and unconditionally entered a guilty plea, "he may not

thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* The defendant can only challenge the knowing and voluntary nature of his plea, including counsel's performance when the deficiency bears on the voluntariness of his plea. *Id.* at 267-68; *see also Werth v Bell*, 692 F.3d 486, 495 (6th Cir. 2012) ("[A]fter the entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent character of the plea itself."). Put simply, "[c]laims of pre-plea ineffective assistance not relating to the acceptance of the plea are waived under the rule announced in *Tollett v. Henderson*." *Rose v. Warden Chillicothe Corr. Inst.*, No. 18-3997, 2019 U.S. App. LEXIS 40988, at *8-9 (6th Cir. July 17, 2019) (internal quotation marks omitted). This waiver even applies to claims involving "deeply imbedded" rights under the Sixth Amendment. *See United States v. Stiger*, 20 F. App'x 307, 308-09 (6th Cir. 2001) (holding that a defendant waived his ineffective-assistance-of-counsel claim under the Sixth Amendment when he pleaded guilty).

In denying Brown's Rule 26(b) application and his claims for ineffective assistance of counsel, the Ohio Court of Appeals stated:

> {¶12} Brown pled guilty to multiple, serious charges. A guilty plea is a complete admission of guilt. *State v. Stumpf*, 32 Ohio St.3d 95, 512 N.E.2d 598 (1987), and *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51. Moreover, "[a]n unqualified plea of guilty, legitimately obtained and still in force, bars further consideration of all but the most fundamental premises for the conviction, of which the subject-matter jurisdiction of the court is the familiar example." *Village of Montpelier v. Greeno*, 25 Ohio St.3d 170, 171, 495 N.E.2d 581 (1986), fn. 2, quoting *United States v. Doyle*, 348 F.2d 715, 718-719 (2d Cir.1965). A guilty plea waives all appealable errors which may have occurred at trial unless those errors prevented the defendant from voluntarily entering the plea. *State ex rel. Nash v. Fuerst*, 8th Dist. Cuyahoga No. 87966, 2006-Ohio-5261.

> {¶13} Specifically, a guilty plea generally waives a claim of ineffective assistance of counsel. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504; *State v. Brown*, 8th Dist. Cuyahoga No. 104095, 2017-Ohio-184; *State v. Black*, 8th Dist. Cuyahoga No. 102586, 2017-Ohio-953.

{¶14} Brown states that he gave his trial counsel the names of two individuals who could provide alibis. The court also notes that counsel filed a notice of alibi in one of the cases. Beyond that the record is silent on counsel's preparation or lack of thereof. A court cannot infer a failure to investigate or prepare from a silent record. Thus, Brown has not met his burden of establishing ineffective assistance of trial counsel. *State v. Mhoon*, 8th Dist. Cuyahoga No. 98832, 2013-Ohio-2090, and *State v. Character*, 8th Dist. Cuyahoga No. 93765, 2010-Ohio-4128. The court further notes the incriminating evidence against Brown and the success of the plea negotiation that eliminated a life sentence, nolled multiple counts, and obtained the minimum agreed sentence.

{¶15} Similarly, pleading guilty waives all errors that a defendant could have claimed had he decided to proceed to trial. Specifically, pleading guilty waives the right to argue sufficiency of the evidence. *State v. Rice*, 8th Dist. Cuyahoga No. 106953, 2018-Ohio-5356.

*Id.* at 242-43.

As recognized by the Ohio Court of Appeals, Brown waived his ineffective assistance of counsel claim under Ohio law when he entered his guilty plea. Moreover, Brown has failed to demonstrate an unreasonable application of federal law or any unreasonable determination of facts. Under federal law, Brown's guilty plea resulted in the waiver of all pre-plea ineffective assistance of counsel claims, except to the extent that the ineffective assistance affected the knowing and voluntary nature of the plea. *See Tollett*, 411 U.S. at 267; *Werth*, 692 F.3d at 495. Thus, Brown waived his claims that he received ineffective assistance of counsel based on his counsel failing to prepare the case, interview potential witnesses, or negotiate a better plea deal.

In the instant proceeding, and before the state courts, Brown has not argued that his guilty plea was involuntary or unknowing, nor has he presented evidence to demonstrate that his trial counsel's ineffective assistance affected the knowing and voluntary nature of his plea. Instead, he only provided the conclusory statement that he entered the guilty plea due to the coercion of his trial counsel. ECF Doc. 1-2 at 3, 24; ECF Doc. 9-1 at 221, 226; ECF Doc. 11 at 9. Brown has presented no evidence or explanation to support this bare assertion. And a conclusory claim

of ineffective counsel, unsupported by specific facts, is wholly insufficient to overcome the presumption of reasonable performance and does not provide a basis for habeas relief. *See Wogenstahl*, 668 F.3d at 341; *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998).

Moreover, the record belies any supposed assertion by Brown that his guilty plea was unknowing and involuntary. At the plea hearing, after the state presented the terms of the plea agreement and defense counsel stated that it was Brown's intention to accept the deal, the court asked Brown if he understood everything discussed over the course of the hearing concerning the plea agreement, and Brown answered affirmatively. ECF Doc. 92- at 3-8. During the plea colloquy, Brown stated that he understood the nature of the charges against him and that by pleading guilty he was waiving his trial rights and admitting the truth of the charges against him. ECF Doc. 9-2 at 9-11. When Brown was asked if anyone had threatened or coerced him into entering a guilty plea, he answered no. *Id.* at 11. The record also demonstrates that Brown attempted to withdraw his guilty plea after a phone call with a person believed to be his mother, where she instructed him to claim he entered the plea under duress (the claim of duress being that defense counsel stated that if he went to trial and lost, he would likely spend his life in jail), told him to fire his attorney and claim ineffective assistance of counsel, and discussed with him how new counsel could negotiate a better deal. ECF Doc. 9-1 at 72, ECF Doc. 9-2 at 22-23. As a whole, the record demonstrates that Brown voluntarily and knowingly pleaded guilty.

Because Brown entered a voluntary and knowing guilty plea, he waived his claim for ineffective assistance of trial counsel. *See Tollett*, 411 U.S. at 267; *Werth*, 692 F.3d at 495. Accordingly, Brown's Ground Two claim lacks merit because he cannot demonstrate that his appellate counsel was ineffective or objectively unreasonable for failing to raise a waived claim on direct appeal. *See Moore*, 708 F.3d at 776; *see, e.g., Dewey v. Stephenson*, No. 2:21-cv-

25

10808, 2022 U.S. Dist. LEXIS 169772, at *15 (E.D. Mich. Sep. 20, 2022) (determining that appellate counsel cannot be considered ineffective for failing to raise a waived claim ) (citing *Thompson v. United States*, 42 F. App'x 766, 768 (6th Cir. 2002); *Hicks v. Bobby*, No. 1:05CV2722, 2006 U.S. Dist. LEXIS 84620, at *27-28 (N.D. Ohio Oct. 4, 2006) (same); *Vaughn v. United States*, No. 12-3326, 2014 U.S. Dist. LEXIS 97749, at *9 (C.D. Ill. July 17, 2014) (same); *Rhoades v. Superintendent, SCI Mahanoy*, No. 14-4321, 2015 U.S. Dist. LEXIS 110815, at *26-27 (E.D. Pa. Apr. 2, 2015) (same).

I recommend that Brown's Ground Two claim for ineffective assistance of appellate counsel be DENIED as meritless.

## V.     Ground Three – Ineffective Assistance of Appellate Counsel (Failure to Raise Sufficiency of the Evidence Claim)

In his Ground Three claim, Brown contends that he received ineffective assistance of counsel when his appellate counsel did not raise a sufficiency of the evidence error on direct appeal.  ECF Doc. 1-2 at 25-30.  Warden Mackey responds that Brown's Ground Three claim is meritless because he: (i) waived the right to assert a sufficiency of evidence argument when he entered a guilty plea; and (ii) cannot demonstrate that the state court rejection of the claim was an unreasonable application of federal law or based on an unreasonable determination of the facts.  ECF Doc. 9 at 32-36.

As discussed above, Brown entered a voluntary, knowing, and unconditional guilty plea, and an unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations.  *Tollett*, 411 U.S. at 267; *see also United States v. Patton*, No. 98-3217, 1999 U.S. App. LEXIS 1472, at *3 (6th Cir. Jan. 28, 1999) ("Such a guilty plea admits all averments of fact in the indictment, cures all non-jurisdictional defects, waives all defenses, and relieves the prosecution from the duty of proving any facts.").  Thus, Brown waived his right to

26

challenge the sufficiency of the evidence. *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987); *see also Marin v. Brewer*, No. 16-2420, 2017 U.S. App. LEXIS 27908, at *5 (6th Cir. Apr. 28, 2017) ("A defendant who enters an unconditional guilty plea waives the right to raise an objection to the sufficiency of the evidence." (citing *United States v. Martin*, 526 F.3d 926, 931-33 (6th Cir. 2008)). Brown cannot demonstrate that his appellate counsel was ineffective for failing to raise a waived claim on direct appeal or that he was prejudiced by the failure to raise a waived claim. *See Moore*, 708 F.3d at 776.

I recommend that Brown's Ground Three claim be DENIED as meritless.

## VI. Certificate of Appealability[4]

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a certificate of appealability ("COA") for an issue raised in a §2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. *Cunningham v. Shoop*, 817 F. App'x 223, 224 (6th Cir. 2020). A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal quotation marks omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

---

[4] In light of the requirement that the Court either grant or deny a certificate of appealability at the time of its adverse order, a recommendation regarding the certificate of appealability is included. Rule 11(a), 28 U.S.C. foll. § 2254.

If the Court accepts my recommendations, Brown will not be able to show that the Court's rulings on his claims are debatable among jurists of reason.  Brown's Ground One claim is procedurally defaulted and otherwise lacks merit.  His Ground Two and Ground Three claims are likewise without merit.  Because jurists of reason would not find these conclusions to be debatable, I recommend that no COA issue in this case.

## VII.    Recommendation

I recommend that Brown's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and that his claims be resolved in the following manner: (i) Ground One be DISMISSED as procedurally defaulted, or alternatively DENIED on the merits; (ii) Ground Two be DENIED on the merits; and (iii) Ground Three be DENIED on the merits.  I further recommend that Brown not be granted a COA.

Dated: December 18, 2023

Thomas M. Parker
United States Magistrate Judge

---

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard*

*v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).