IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DERRICK L. BROWN, JR.,**            CASE NO. 1:23 CV 753

    Petitioner,

    v.                                         JUDGE JAMES R. KNEPP II

**TIM MCCONAHAY, WARDEN,**

    Respondent.                 **MEMORANDUM OPINION AND ORDER**

Petitioner Derrick L. Brown, Jr. ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Thomas M. Parker for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On December 18, 2023, Judge Parker issued an R&R recommending the Petition be denied. (Doc. 12). Petitioner filed timely objections to the R&R. (Doc. 13).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and denies Petitioner's habeas Petition.

### BACKGROUND

This habeas case, filed on April 14, 2023, stems from Petitioner's convictions and sentence on charges of rape, felonious assault, aggravated burglary, kidnapping, aggravated robbery, grand theft, and improperly handling firearms in a motor vehicle. *See* Doc. 1; *State v. Brown*, 2021-Ohio-4311 (Ohio Ct. App. 2021).

In his habeas Petition, Petitioner raises three grounds for relief:

**GROUND ONE**: The trial court erred in its separate sentencing of some counts which were allied offenses of similar import.

**GROUND TWO**: Appellate counsel was ineffective for failing to assign as error trial counsel's ineffectiveness for his failure to fulfill his adversarial role to the state.

**GROUND THREE**: Appellate counsel was ineffective for failing to assign as error that Appellant's convictions were not supported by sufficient evidence.

(Doc. 1, at 6-8).

In his R&R, Judge Parker recommends the Court dismiss Ground One as procedurally defaulted (or alternatively deny it on the merits) and deny Grounds Two and Three as meritless. (Doc. 12, at 11-27).

## STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter de novo, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

Petitioner filed Objections to the R&R. (Doc. 13). Below, the Court addresses Petitioner's specific objections.

Ground One

In his objections regarding Ground One, Petitioner emphasizes that his direct appeal and application for reopening were timely-filed, that his rights have been violated, and that this Court "has the jurisdiction to address and correct the injustice that occurred in this case." (Doc. 13, at 3). Unfortunately for Petitioner, none of these arguments speak to the Magistrate Judge's thorough and correct procedural default analysis. (Doc. 12, at 11-15). Ground One is procedurally defaulted because Petitioner did not raise the claim regarding allied offenses of similar import / double jeopardy at the first available opportunity to the trial court at sentencing. *See State v. Brown*, 2021-Ohio-4311, ¶ 12 ("because appellant did not seek the merger of his convictions as allied offenses of similar import in the trial court, he has forfeited all but plain error"). The state appellate court enforced Ohio's adequate and independent contemporaneous objection rule by reviewing only for

3

plain error, *id.*, and the rule is an adequate and independent ground for denying review of a federal constitutional claim, *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001).

Petitioner argues that this error is of great magnitude and had a significant impact on this case resulting in his "very lengthy sentence"; which is "totally unfair, unjust, and just plain wrong." (Doc. 13, at 5). But again, Petitioner does not explain what is incorrect about the Magistrate Judge's procedural default analysis, nor provide anything to support the required cause and prejudice or fundamental miscarriage of justice to overcome such a default. *See Coleman v. Thompson*, 501 U.S. 722, 759 (1991).

Petitioner further asserts that the "Magistrate more or less just rubber stamp[ed] the Ohio Eighth District Court of Appeals ruling instead of searching for the review of the issues submitted herein." (Doc. 13, at 3). This appears to be directed at the R&R's alternative merits analysis as to Ground One. First, the standard of review imposed by AEDPA requires, for a claim adjudicated on the merits in the state court, that Petitioner show the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Second, a federal court is required to "presume correct" any determination of a factual issue made by a state court. 28 U.S.C. § 2254(e)(1).

Thus, it is not improper, and was indeed required, that the Magistrate Judge look to the state court's analysis. Second, Petitioner does not pinpoint any error in the Magistrate Judge's analysis, but merely reasserts his argument for why the offenses were allied offenses under Ohio law and should have been sentenced concurrently. (Doc. 13, at 4-5). Petitioner then (largely

correctly) cites various Supreme Court cases and holdings but does not directly tie them to any particular argument. *Id.* at 6-8.

On *de novo* review, the Court finds the R&R's analysis of Ground One correct and overrules Petitioner's objections in this regard.

Ground Two

As to Ground Two, Petitioner "strongly objects" to the R&R's conclusion that Ground Two should be denied as meritless pursuant to the AEDPA standard because "a great miscarriage of justice has occurred[.]" (Doc. 13, at 9). As he did to the Magistrate Judge, Petitioner argues "he was denied the effective assistance of counsel during both the plea bargaining and the trial preparation stage." *Id.* at 10. But he does not cite any specific error in the R&R's reasoning.

To the extent Petitioner relies on Ohio caselaw to support his arguments (Doc. 13, at 11-12), such arguments are unavailing as habeas relief is available "only on the ground that [one] is in custody in violation of the Constitution or laws or treaties of the United States". 28 U.S.C. § 2254(a).

Petitioner further presents a conclusory objection stating:

> Petitioner Brown asserts in this case, Brown's Ground Two claim is not beyond any possibility of fair-minded jurist could disagree on the correctness of the Ohio Court of Appeals' determination of the issues presented. Therefore, Petitioner Brown objects to the Magistrate's Report and Recommendation that Brown's Federal Habeas Corpus Petition be denied.

(Doc. 13, at 12). This is a quintessential non-specific objection that "does nothing more than state a disagreement with a magistrate's suggested resolution" and is therefore "not an 'objection' as that term is used in this context." *Aldrich*, 327 F. Supp. 2d at 747.

Upon *de novo* review, the Court finds the R&R's recommendation that Ground Two be denied as meritless is supported and correct. Petitioner's objections in this regard are overruled.

5

Ground Three

In his objections to Ground Three, Petitioner again "strongly objects" to the R&R's conclusion that Ground Three lacks merit because it is not contrary to, or an unreasonable application of, federal law. (Doc. 13, at 12). Petitioner presents caselaw regarding the federal standard for evaluating a constitutional sufficiency-of-the-evidence claim. *Id.* at 12-13. He further, again, reiterates the arguments he presented to the Magistrate Judge. *Id.* at 13-16. He argues he told his trial attorneys multiple times about two potential alibi witnesses, but counsel failed to interview the witnesses or subpoena them for trial. *Id.* at 15. However, as the R&R explains, Petitioner's guilty plea waives any pre-plea claims for ineffective assistance of trial counsel except a claim that such ineffective assistance affected the voluntary and knowing nature of his guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Ohio appellate court recognized this in denying Petitioner's motion to reopen based on the ineffective assistance of appellate counsel. *State v. Brown*, 2022-Ohio-3032, at ¶¶ 12-13 (Ohio Ct. App.). And the R&R accurately notes that Petitioner did not present to the trial court, nor has not presented here, any argument that his guilty plea was not knowing and voluntary, and indeed the record reflects the contrary. *See* Doc. 9-2, at 3-15. Because appellate counsel could not be ineffective for failing to raise a waived or meritless ineffective assistance of trial counsel claim, the state court's determination was not contrary to or an unreasonable application of federal law. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013).

Upon *de novo* review, the Court finds the R&R's recommendation that Ground Three be denied as meritless is correct and Petitioner's objections in this regard are overruled.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

6

ORDERED that Judge Parker's R&R (Doc. 12) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DISMISSED and DENIED as set forth therein and herein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

                                                       s/ *James R. Knepp II*
                                                      UNITED STATES DISTRICT JUDGE